IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHOES BY FIREBUG L.L.C. | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | Case No. 6:22-cv-00185 |
| DSW SHOE WAREHOUSE, INC. | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Shoes By Firebug L.L.C. ("Firebug") brings this action against defendant DSW
Shoe Warehouse, Inc. ("DSW SWI"), and alleges:

**NATURE OF THE ACTION**

1.      This is an action for infringement of U.S. Patent Nos. 8,327,561 ("the '561 patent"),
9,015,965 ("the '965 patent") and 9,265,299 ("the '299 patent") (collectively "the patents-in-suit")
based upon illuminated rain boots sold by DSW SWI.  DSW SWI is a retailer, operating and selling
footwear under the banner DSW. DSW SWI does business in Waco, Texas, the Western District of
Texas and throughout the United States.

2.      DSW SWI's infringement of at least the '561 and '965 patents has been willful.  On
January 29, 2016, Firebug, by and through its then attorney Mei & Mark notified the General
Counsel for DSW, Inc. (now known as Designer Brands Inc.) (hereinafter "DSW, Inc.") of
structurally identical rain boot products that infringed the '561 and '965 patents.  Given the issuance
date of February 23, 2016 of the '299 patent, this letter did not refer to the '299 patent.  Firebug
discovered on or about September 25, 2018 structurally identical rain boot products infringing the
patents-in-suit were again being sold under the DSW banner.

## THE PARTIES

3.      Firebug is a limited liability company organized and existing under the laws of the State of Texas, with an address at 111 Mayfair Ct., Sugar Land, Texas 77478.

4.      On information and belief, DSW SWI is a corporation organized and existing under the laws of the State of Missouri, and designated as "in existence" by the Texas Secretary of State records.  DSW SWI's principal place of business is located at 810 DSW Drive, Columbus, Ohio, 43219, and it operates numerous locations within this District, including 4633 S. Jack Kultgen Expressway, Unit 105, Waco Texas 76711. DSW SWI's designated registered agent for service of process in Texas is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. DSW SWI is doing business and has engaged in acts of alleged patent infringement within this judicial district.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

6.      Subject-matter jurisdiction over Firebug's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

7.      On information and belief, DSW SWI has solicited business in the State of Texas and this district, transacted business within the State of Texas and this district, and attempted to derive financial benefits from residents of the State of Texas and this district, including benefits directly related to the instant patent infringement causes of action set forth herein.

8.      On information and belief, DSW SWI has placed its allegedly infringing rain boots into the stream of commerce throughout the United States with the expectation that such products would be sold to and used by consumers in this judicial district.

**9.** On information and belief, DSW SWI conducts business in this district, the claims alleged herein have arisen in this district, it has established places of business in this district, and alleged acts of infringement have taken place in this district.

**10.** On information and belief, DSW SWI is subject to this Court's general and specific personal jurisdiction for at least any one of the following reasons: DSW SWI has sufficient minimum contacts within the State of Texas and this district, pursuant to due process and/or the State of Texas Long Arm Statute; DSW SWI purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; DSW SWI regularly conducts and solicits business within the State of Texas and within this district; the causes of action against DSW SWI arise directly from DSW SWI's business contacts and other activities in the State of Texas and this district, and this Court has personal jurisdiction over DSW SWI because it has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

**11.** Venue is proper in this judicial district under 28 U.S.C. § 1400(b). DSW SWI has a regular and established place of business in this district and has committed acts of infringement in this district at least by selling and/or offering to sell the alleged infringing rain boots in this district.

**BACKGROUND**

**12.** Firebug is in the business of designing and commercializing footwear, including footwear that embodies light technologies.

**13.** Firebug's president, Roy Robert Smith III (Trae), has 40 years of experience in the footwear industry and filed his first patent involving footwear with light technology in 2009. Since 2009 Smith has been granted and or allowed nine utility patents, all of which involve footwear with light technologies. Smith continues to make advancements in the art and continues to file additional patent applications.

**14.** This is not the first dispute between Firebug and DSW SWI and/or its parent company

DSW, Inc., involving the patents-in-suit. On information and belief, DSW SWI is aware of Firebug's patent rights, including being aware of and knowledgeable of at least two of the patents-in-suit, and of Firebug's belief that boots having the structure included in the accused rain boots infringe at least two of the patents-in-suit.

15.     Firebug, either directly or by and through its licensee(s), has offered to sell to DSW SWI and/or DSW, Inc., Firebug's rain boots covered by the patents-in-suit. However, DSW SWI and/or DSW, Inc. at all times declined to purchase such rain boots from Firebug or its licensees, or take a license under the patents-in-suit.

16.     Rather than buying rain boots from Firebug or take a license from Firebug, DSW SWI purchased, imported, offered for sale, and/or sold knock-off footwear that infringed the patents-in-suit.

17.     By letter dated January 29, 2016 directed to the General Counsel of DSW, Inc. (the parent company of DSW SWI), Firebug notified DSW of Firebug's '965 and '561 patents and that DSW was infringing the '965 and '561 patents. A true and correct copy of the January 29, 2016 letter is attached as Exhibit A.

18.     On information and belief, DSW, Inc. has an in-house legal department that assists or provides advice to its subsidiaries, including DSW SWI.

19.     On information and belief, DSW SWI received notice of and/or legal advice related to the aforementioned January 29, 2016 letter.

20.     On information and belief, DSW SWI is and has been well aware of one or more of the patents-in-suit, and has been on notice that rain boots having the structure of the rain boots accused herein infringed one or more of the patents-in-suit since early 2016.

21.     On September 25, 2018, Firebug discovered additional infringing products being imported, offered for sale, and sold, by DSW SWI, by way of example, more specifically the Max

+ Jake, UPC 887283008097 item number 7088842 and Olive & Eddie, UPC 887283007779 item number 7079767, DSW SWI rain boots illustrated below.

22.     Despite having knowledge of at least the '561 and '965 patents and Firebug's belief that certain boots as set forth in the January 29, 2016 letter infringed Firebug's patents, DSW SWI imported, offered to sell and/or sold the boots identified in Counts I-III below.

COUNT I
PATENT INFRINGEMENT
U.S. PATENT NO. 8,327,561 (Claims 6 & 13)

23.     Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

24.     On December 11, 2012, U.S. Patent No. 8,327,561 ("the '561 patent"), entitled "Footwear For Refracting Light From An Internal Source" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit B, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all rights, title and interest in and to the '561 patent, including the right to sue for and recover all past, present and future damages for infringement of the '561 patent.

25.     The '561 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

26.     Firebug has at all relevant times complied with the marking provisions of 35 U.S.C § 287 regarding the '561 patent.

27.     Upon information and belief, DSW SWI has in the past and may continue to directly infringe the '561 patent, literally and/or under the doctrine of equivalents, in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States footwear products that are covered by at least claims 6 and 13 of the '561 patent, including but not limited to DSW SWI's

product known as Max + Jake, item number 7088842 and Olive & Eddie, item number 7079767, and any other similar products (hereinafter referred to as "Accused Products"). DSW SWI is liable for infringement of the '561 patent pursuant to 35 U.S.C. § 271.

28. The Accused Products are footwear for refracting light from an internal source. By way of example, the Accused Product depicted below is a footwear for refracting light from an internal source having a translucent enclosure that includes a shoe base and an "upper."



translucent enclosure

shoe base

29. The Accused Products have an insole. By way of example only, the Accused Product depicted below illustrates an insole.

insole



30.     The Accused Products include a foot opening. By way of example only, the Accused Product depicted below illustrates a foot opening.

foot opening



31.     The Accused Products include a foot opening positioned on the translucent enclosure. By way of example only, the Accused Product depicted below illustrates a footwear having a foot opening positioned on the translucent enclosure.

foot opening    translucent enclosure



32.    The Accused Products further include a plurality of refractive boundary sections. By way of example only, the Accused Product depicted below identifies, by way of example, a plurality of refractive boundary sections in which the boundary sections refract light.



boundary sections

33.     The Accused Products have the plurality of refractive boundary sections formed by a plurality of cavities. By way of example only, the Accused Products includes a plurality of refractive boundary sections being formed by a plurality of cavities.  For example, the Accused Products include at least one outer material of the upper with a plurality of cavities, including a woven inner "sock" on the interior of the upper, which results in the outer material of the upper having a plurality of refracting boundary sections that are formed by a plurality of cavities. As an additional example, the shoe base has a plurality of cavities, including cavities filled with a flocking material, which results in the shoe base having a plurality of refracting boundary sections being formed by a plurality of cavities.  The pictures below show examples of locations of the cavities.

cavities



cavities



34. The plurality of cavities of the Accused Products have a boundary material and an

external surface. By way of example only, the Accused Product depicted below comprises a plurality of cavities comprises a boundary material and an external surface.  For example, a boundary material for the translucent enclosure's upper is a woven inner sock, while the boundary material for the translucent shoe base is a flocking, on information and belief, a combination of leather particles or fabric particles, mixed with glue and dyed to a color matching that of the infringing products, while the external surfaces are, on information and belief, Polyvinyl Chloride (PVC). Each of the cavities have an external surface.

boundary material and external surface



35.     The shoe base of the Accused Products includes an electrical housing and a power source. By way of example only, the Accused Product depicted below illustrates the shoe base having an electrical housing, and a power source.

electrical housing        power source



36.      The Accused Products included an electrical housing recessed into the shoe base. By way of example only, the Accused Product depicted below illustrates the electrical housing being recessed into the shoe base.

recessed electrical housing



37.      The Accused Products includes a power source positioned in the electrical housing. By way of example only, the Accused Product depicted below illustrates the power source being positioned in the electrical housing.

power source    electrical housing



38.    The Accused Products include an insole being attached to the shoe base, wherein the insole covers the shoe base and the electrical housing. By way of example only, the Accused Product depicted below illustrates the insole attached to the shoe base, with an adhesive, wherein the insole covers the shoe base and the electrical housing in the first picture, and a view of the shoe base and electrical housing in a picture taken from the bottom side of the Accused Product in the second picture.

insole



shoe base    electrical housing



**39.** The Accused Products have at least one light source. By way of example only, the Accused Product depicted below has at least one light source.

light source



**40.** The Accused Products include a plurality of refractive boundary sections being positioned along the translucent enclosure. By way of example only, the Accused Product depicted below comprises the plurality of refractive boundary sections being positioned along the translucent enclosure, which includes the upper and shoe base.



boundary sections    translucent enclosure    translucent shoe base

41.     The Accused Products have a plurality of cavities traversing into the translucent enclosure at the plurality of refractive boundary sections.  By way of example only, the Accused Product depicted below illustrates the plurality of cavities traversing into the translucent enclosure at the plurality of refractive boundary sections.

cavities



42.     The Accused Products include an external surface of a plurality of cavities being course. For example, the external surface of the sock is coarse, as is the external surface of the shoe base.

43.     The Accused Products have boundary sections. By way of example only, the Accused Product depicted below comprises the plurality of cavities shaped within the translucent material by the plurality of refractive boundary sections.

boundary sections



44. The Accused Products further include a boundary material and external surface. By way of example only, the Accused Product depicted below includes the boundary material positioned within the plurality of cavities, the boundary material is, for example, for the translucent enclosure's upper is a synthetic fiber, while the boundary material for the translucent shoe base is a flocking, a combination of leather particles or fabric particles, mixed with glue and dyed to a color matching that of the infringing products, while the external surfaces are, on information and belief, Polyvinyl Chloride (PVC).

boundary material and external surface



boundary material and external surface



**45.** The Accused Products include a light source being connected to the power source; and the light source being connected to the shoe base, wherein the light source illuminates the shoe

base and the translucent enclosure. By way of example only, the Accused Product depicted in the pictures below illustrates the light source being connected to the power source; and the light source being connected to the shoe base, wherein the light source illuminates the shoe base and the translucent enclosure.

shoe base    translucent enclosure



illuminated shoe base and translucent enclosure



**46.**    DSW SWI has had knowledge of the '561 patent and of certain products asserted to infringe the '561 patent since at least as early as January 2016.

**47.**    DSW SWI's acts of infringement of Firebug's '561 patent with knowledge of the '561 patent have been egregious, willful and/or intentional.

**48.**     Firebug has suffered and is suffering damages as a result of DSW SWI's willful and wrongful acts in an amount yet to be determined. DSW SWI is liable to Firebug in an amount that adequately compensates Firebug for DSW SWI's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**49.**     As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW SWI is enjoined by this Court from committing further acts of infringement.

### COUNT II PATENT INFRINGEMENT U.S. PATENT NO. 9,015,965

**50.**     Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**51.**     On April 28, 2015, U.S. Patent No. 9,015,965 ("the '965 patent"), entitled "Internally Illuminated Footwear Component" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit C, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all right, title and interest in and to the '965 patent, including the right to sue for and recover all past, present and future damages for infringement of the '965 patent.

**52.**     The '965 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**53.**     Firebug has, at all relevant times, complied with the marking provisions of 35 U.S.C. § 287 regarding the '965 patent.

**54.**     Upon information and belief, DSW SWI has in the past and may continue to directly

infringe the '965 patent, literally and/or under the doctrine of equivalents, in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States footwear products that are covered by at least claim 1 of the '965 patent, including but not limited to DSW SWI's product known as Max + Jake, item number 7088842 and Olive & Eddie, item number 7079767, and any other similar products, hereinafter referred to as "Accused Products". DSW SWI is liable for infringement of the '965 patent pursuant to 35 U.S.C. § 271.

55.     The Accused Products are an internally illuminated footwear component that includes a sole section.    By way of example only, the Accused Product depicted below is an internally illuminated footwear component comprising a sole section.



56.     The sole section of the Accused Products further include a translucent midsole and a translucent outsole. By way of example only, the Accused Product depicted below illustrates the sole section that includes a translucent midsole and a translucent outsole.





translucent outsole

57.     The translucent midsole and the translucent outsole of the Accused Products are integrally molded to form a translucent sole section. By way of example only, the Accused Product depicted below comprises the translucent midsole and the translucent outsole being integrally molded to form a translucent sole section.

translucent sole section



58.     The Accused Products include a sole section that includes a translucent tread pattern along a bottom surface.  By way of example only, the Accused Product depicted below illustrates the sole section with a translucent tread pattern along a bottom surface.



bottom surface          tread pattern

**59.**     The Accused Products have an illumination system.  By way of example only, the Accused Product depicted below illustrates an illumination system.



illumination system

**60.**     The illumination system of the Accused Products includes a power source, a plurality of electrical wires, and a plurality of illumination sources. By way of example only, the Accused Product depicted below illustrates the illumination system that comprises a power source, a plurality of electrical wires, and a plurality of illumination sources.



power source       electric wires       illumination sources

**61.** The Accused Products includes an illumination housing. By way of example only, the Accused Product depicted below illustrates an illumination housing.



illumination housing

**62.** The Accused Products include a power source electrically connected to the plurality of illumination sources by electrical wires. By way of example only, the Accused Product depicted below illustrates a power source being electrically connected to the plurality of illumination sources by electrical wires.

power sources    electrical wires



illumination sources



**63.** The Accused Products include an illumination housing positioned internally within the sole section. By way of example only, the Accused Product depicted below illustrates the illumination housing positioned internally within the sole section.



illumination housing

64.    The Accused Products include an illumination system located within the illumination housing, wherein a plurality of illumination sources internally illuminates the sole section and translucent tread pattern.   By way of example only, the Accused Product depicted below illustrates the illumination system located within the illumination housing, wherein the plurality of illumination sources internally illuminates the sole section and translucent tread pattern.

illumination system



illumination sources



65.    The Accused Products include an illumination system permanently encapsulated internally within the sole section.  By way of example only, the Accused Product depicted below illustrate the illumination system permanently encapsulated internally within the sole section.

illumination system



**66.** DSW SWI has had knowledge of the '965 patent and of certain products asserted to infringe the '965 patent since at least as early as January 2016.

**67.** DSW SWI acts of infringement of Firebug's '965 patent with knowledge of the '965 patent have been egregious, willful and/or intentional.

**68.** Firebug has suffered and is suffering damages as a result of DSW SWI's willful and wrongful acts in an amount yet to be determined. DSW SWI is liable to Firebug in an amount that adequately compensates Firebug for DSW SWI's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**69.** As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW SWI is enjoined by this Court from committing further acts of infringement.

COUNT III PATENT
INFRINGEMENT U.S.
PATENT NO. 9,265,299

**70.** Firebug repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

**71.** On February 23, 2016, U.S. Patent No. 9,265,299 ("the '299 patent"), entitled "Internally Illuminated Footwear Component" and naming Roy Robert Smith, III as inventor, a true and correct copy of which is attached hereto as Exhibit D, was duly and legally issued by the United States Patent and Trademark Office. Firebug is the owner of all right, title and interest in and to the '299 patent, including the right to sue for and recover all past, present and future damages for infringement of the '299 patent.

**72.** The '299 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**73.** Firebug has, at all relevant times, complied with the marking provisions of 35 U.S.C. § 287 regarding the '299 patent.

**74.** Upon information and belief, DSW SWI has in the past and may continue to directly infringe the '299 patent, literally and/or under the doctrine of equivalents, in this judicial district and elsewhere throughout the United States without the consent or authorization of Firebug by making, using, selling, offering to sell and/or importing into the United States footwear products that are covered by at least claim 1 of the '299 patent, including but not limited to DSW SWI's product known as Max + Jake, item number 7088842 and Olive & Eddie, item number 7079767,

and any other similar products, hereinafter referred to as "Accused Products". DSW SWI is liable for infringement of the '299 patent pursuant to 35 U.S.C. § 271.

75.     The Accused Products are an internally illuminated footwear component that include a translucent sole section.  By way of example only, the Accused Product depicted below illustrates a translucent sole section.

translucent
sole section



76.     The Accused Products include a translucent upper.  By way of example only, the Accused Product depicted below illustrates a translucent upper.



translucent upper

77.    The Accused Products include a translucent sole section that include a translucent midsole and a translucent outsole.  By way of example only, the Accused Product depicted below illustrates the translucent sole section further including a translucent midsole and a translucent outsole.



translucent midsole                    translucent outsole



translucent outsole

**78.** The Accused Products include a translucent midsole, a translucent outsole, and a translucent upper integrally molded to form a translucent footwear. By way of example only, the Accused Product depicted below illustrates the translucent midsole, the translucent outsole, and the translucent upper integrally molded to form a translucent footwear.

integrally molded translucent footwear



**79.** The Accused Products include a translucent sole section that further includes a translucent tread pattern along a bottom surface. By way of example only, the Accused Product depicted below illustrates the translucent sole section including a translucent tread pattern along a bottom surface.



bottom surface      tread pattern

**80.** The Accused Products include an illumination system. By way of example only, the Accused Product depicted below illustrates an illumination system.



illumination system

81.    The Accused Products include an illumination system comprising a power source, a plurality of electrical wires, and a plurality of illumination sources.  By way of example only, the Accused Product depicted below illustrates the illumination system, including a power source, a plurality of electrical wires, and a plurality of illumination sources.



82.    The Accused Products include an illumination housing.  By way of example only, the Accused Product depicted below illustrates an illumination housing.



**83.**     The Accused Products include a power source electrically connected to a plurality of illumination sources.  By way of example only, the Accused Product depicted below illustrates the power source electrically connected to the plurality of illumination sources.



**84.**     The Accused Products includes an illumination housing positioned internally within the translucent sole section.  By way of example only, the Accused Product depicted below illustrates the illumination housing positioned internally within the translucent sole section.



illumination housing

**85.** The Accused Product ... system located within the illumination housing, wherein the plurality of illumination sources internally illuminates the translucent sole section and the translucent upper. By way of example only, the Accused Product depicted below illustrates the illumination system located within the illumination housing, wherein the plurality of illumination sources internally illuminates the translucent sole section and the translucent upper.

illumination system





internally illuminated translucent sole section

internally illuminated translucent upper



86.     The Accused Products include a illumination system permanently encapsulated internally within the translucent sole section.  By way of example only, the Accused Product depicted below illustrates the illumination system permanently encapsulated internally within the translucent sole section.

illumination system



**87.** On information and belief, DSW SWI knew or should have known of Firebug's '299 patent.

**88.** On information and belief, DSW SWI acts of infringement of Firebug's '299 patent have been egregious, willful and/or intentional.

**89.** Firebug has suffered and is suffering damages as a result of DSW SWI's willful and wrongful acts in an amount yet to be determined. DSW SWI is liable to Firebug in an amount that adequately compensates Firebug for DSW SWI's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**90.** As a consequence of the infringement complained of herein, Firebug has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DSW SWI is enjoined by this Court from committing further acts of infringement.

**PRAYER FOR RELIEF**

**WHEREFORE**, Firebug prays for entry of judgment that:

**A.** DSW SWI has infringed the '561, '965 and the '299 patents;

**B.** DSW SWI account for and pay to Firebug all damages caused by its infringement of

the '561, '965 and the '299 patents in accordance with 35 U.S.C. § 284;

C.     DSW SWI's infringement has been egregious, wanton and willful, and award Firebug treble damages pursuant to 35 U.S.C. § 284;

D.     This is an exceptional case based on DSW SWI's actions, and award Firebug its reasonable attorneys' fees under 35 U.S.C. § 285;

E.     Firebug be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining and its respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

F.     Firebug be granted pre-judgment and post-judgment interest on the damages caused to it by reason of DSW SWI's patent infringement complained of herein;

G.     Costs be awarded to Firebug; and,

H.     Firebug be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Firebug demands trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated:  February 23, 2022          By:     /s/ *John T. Polasek*
                                          John T. Polasek
                                          Texas Bar. No. 16088590
                                          ted@polaseklaw.com
                                          The Polasek Law Firm, PLLC
                                          6750 West Loop South, Suite 920
                                          Bellaire, Texas 77401
                                          Telephone: (832) 485-3580

                                          ATTORNEY FOR PLAINTIFF